## PECK COLORADO CO. v. STRATTON.

(Circuit Court, D. Colorado. November 6, 1900.)

PLEADING—RESPONSIVENESS OF ANSWER—NEW MATTER IN AVOIDANCE.

In an action by a corporation for money received the complaint alleged that defendant received from plaintiff, as its agent and assistant treasurer, a sum of money to plaintiff's use, which he failed to pay to plaintiff on demand. The answer, after pleading the general issue, as special defenses set out a contract between defendant and a third person, and alleged that it was by such contract that defendant, as an individual, obligated himself to place in the treasury of plaintiff the sum sued for, and that the contract was void for fraud and failure of consideration. Held that, as proof by plaintiff of such contract and its breach would not make a prima facie case under the complaint, such special defenses were demurrable as not responsive.

On Demurrer to Answer.

Thomas A. Banning, Orlando H. Manning, and Carpenter & McBird, for plaintiff.

Charles Hughes, for defendant.

MARSHALL, District Judge. A general demurrer is interposed to the second and third defenses of the amended answer. This answer is pleaded to a complaint alleging "that on, to wit, the 7th day of March, 1896, at Colorado Springs, in the county of El Paso, state of Colorado, the defendant received from the plaintiff, as the agent and assistant treasurer of said plaintiff, the sum of one hundred thousand dollars ($100,000), to the use of said plaintiff," and that the defendant failed to pay said sum to the plaintiff upon demand. Three defenses are pleaded; the first a denial of all of the allegations above quoted; the second and third, by way of confession and avoidance, each set up the following contract between Orrin B. Peck and the defendant:

"Colorado Springs, Colorado, March 7th, 1896.

"I have this day purchased of Orrin B. Peck twenty-five hundred shares, of one hundred dollars each, of the capital stock of the Peck Colorado Company, of Chicago, Illinois, at par, being one-fourth of the capital stock of said company, a corporation of the state of Illinois, and I have paid to him the sum of fifty thousand dollars in cash and one hundred thousand dollars to be placed in the treasury of said company, to be used and paid out in Colorado for the use of said company in said state from time to time as needed, in full payment for fifteen hundred of said shares, and for the remaining one

thousand shares I am to pay the sum of one hundred thousand dollars in payments at the time and in the amounts as follows, viz.: Fifty thousand dollars on or before six months from this date, and the remaining fifty thousand dollars on or before January 1st, A. D. 1897. Said payments to be made at Chicago, Illinois, by placing the amounts to the credit of the said Orrin B. Peck at the National Bank of Illinois, at the city of Chicago, Ill., provided that I may, instead of making any or all or either of said payments, return to said Orrin B. Peck any portion of said one thousand shares at any time before the said payments, or either of them, becomes due, and thereupon be released and relieved from any obligations to pay for any and all such shares so returned. In case the stock is returned, it shall be by the assignment of the number of shares so returned duly executed and delivered with the certificate so assigned to the said Orrin B. Peck, or to the said bank above mentioned for him. W. S. Stratton.

"I hereby agree to the above, and the terms and conditions above set forth are consented to and the same are satisfactory to me. Orrin B. Peck."

In each of these defenses it is alleged that the sum sued for is the particular $100,000 which, by the terms of the contract of March 7, 1896, was to be placed in the treasury of the plaintiff. The second defense proceeds to avoid the contract for fraud, and the third alleges a failure of consideration.

The questions presented have, in a great measure, been considered in an opinion sustaining a similar demurrer to a prior answer in this case. 95 Fed. 741. They have, however, been reargued with great ability, and, as the matter is of importance, it deserves a re-examination. The reargument has been principally directed against the conclusion heretofore reached as to the adequacy of the defendant's first defense to admit proof of a want or failure of consideration. As fraud is now pleaded, it is especially urged that evidence of fraud is always new matter, and must be affirmatively pleaded where there is opportunity to do so. The decision on the prior demurrer did not depend on the proposition questioned. In the former opinion it was held that in the averment of the complaint that "the defendant received from the plaintiff, as the agent and assistant treasurer of said plaintiff," the sum sued for, the allegation of the receipt from the plaintiff, and as its agent and assistant treasurer, was material, and could not be disregarded as surplusage. I do not find it necessary to repeat the reasons given in the former opinion for this conclusion. A re-examination of the question has but strengthened the view then entertained. The two defenses now to be considered are limited to a defense against the contract of March 7, 1896, and, unless the proof of that contract and its breach would make a prima facie case for the plaintiff, it is evident that the defendant has answered a cause of action not set up. The contract of March 7, 1896, was wholly between Peck and the defendant. The amended answer shows that the consideration for it proceeded from Peck, and not from the plaintiff. By its terms nothing was to come into the hands of the defendant as the agent and assistant treasurer of the plaintiff. I am not unmindful that it is also alleged in the second defense that the $100,000 which, by the contract of March 7, 1896, was to be placed in the plaintiff's treasury, was agreed by Peck and the defendant "to be paid by the defendant only as the same should be needed or required in the construction of concentrating mills for the reduction of ores and the

equipment thereof with the said patented process and machinery within the state of Colorado and outside said El Paso county, and then should be so paid out directly by this defendant for such purposes and on such conditions only." A similar allegation is found in the third defense. But, if effect is to be given to this agreement, it would simply convert an absolute promise into a conditional one. Until the condition happened, there would be no liability to pay. The defendant would not, from anything alleged, hold the money as the agent of the plaintiff. Proof of the contract of March 7, 1896, and its breach, would leave the plaintiff's cause of action unproved; and hence the avoidance of that contract cannot be held to be a defense to the complaint. The basis of the liability of the defendant is his receipt from the plaintiff, and as its agent, of $100,000. This receipt once admitted, the defendant is estopped on familiar principles from contesting the plaintiff's right to this money until he has paid it to the plaintiff, or in accordance with its instructions. The demurrer must be sustained.